DEWITT C. BOUKER, JR., Appellant, *v.* THE LONG ISLAND RAILROAD COMPANY, Respondent. No. 1.

*Transportation of freight on a railroad — facts which do not constitute a contract — voluntary payment of freight charges.*

In October, 1893, one Bouker requested the traffic manager of the Long Island railroad to give him rates for the transportation of broken stone along the line of the railroad. The traffic manager submitted to him, for his consideration, certain rates. There was no acceptance of this offer, and without further communication, the traffic manager on February 3, 1894, wrote to Bouker, stating that he had canceled the rates theretofore furnished to him, which communication was received by Bouker about February 7, 1894. In May, 1894, Bouker brought stone to the railroad company for transportation and insisted that the same be transported at the rates furnished to him in October, 1893. The traffic manager refused to carry the stone except at a greater rate. Bouker shipped the stone and paid the freight demanded.

In an action brought by Bouker to recover from the railroad company the difference between the price furnished him in October, 1893, and the sum paid by him,

*Held,* that the plaintiff could not recover; that there was no contract in existence between the parties, and that it was the right of the railroad to charge the plaintiff the usual rates for the transportation of his stone;

That, as the freight was paid, the plaintiff was deprived of any cause for complaint, the payment of the freight charges being voluntary and made by the plaintiff with full knowledge of all the facts.

APPEAL by the plaintiff, Dewitt C. Bouker, Jr., from a judgment of the County Court of the county of Queens, entered in the office of the clerk of the county of Queens on the 20th day of February, 1895, reversing the judgment of a justice of the peace of the town of Hempstead, Queens county, New York.

*George Wallace*, for the appellant.

*Alfred A. Gardner* and *William J. Kelly*, for the respondent.

DYKMAN, J. :

This is an appeal from a judgment of the County Court of Queens county, reversing a judgment in favor of the plaintiff after a trial before a justice of the peace, for eighty-two dollars and ninety-four cents.

The action was brought for a breach of contract. The facts are substantially undisputed. In October, 1893, the plaintiff requested the traffic manager of the defendant to give him rates for the transportation of broken stone from Long Island City to Valley Stream and intermediate points, Hempstead, Far Rockaway, and stations between Pearsalls and Freeport, and the traffic manager submitted to him for his consideration rates between those places at eighty cents per gross ton, and to stations east of Freeport to and including Wantagh, eighty-five cents per gross ton.

There was no acceptance of this offer, and without further communication between the parties the traffic manager on the 3d day of February, 1894, wrote the defendant a letter in which he withdrew his offer in the following language : " I have to advise you that in future we shall require the prepayment of all charges on freight shipped for your account over our lines. I would also state that the rates quoted you October 24, to Valley Stream and intermediate points, to Hempstead and Far Rockaway and to stations between Pearsalls and Wantagh, have this day been canceled. I have as well made void the rate of 50c. per ton on your stone to Rockaway Beach."

That withdrawal was received by the plaintiff on or before February 7, 1894.

On the 20th day of March, 1894, two months after the withdrawal of the offered rates, the plaintiff entered into a contract for building macadamized roads that required the transportation of stone

to Hempstead, which was one of the points to which the rate of eighty cents had been quoted October twenty-fourth, and withdrawn February third.

In May the plaintiff brought carloads of stone to Hempstead to the railroad, and insisted that they transport it at eighty cents. The traffic manager reiterated the withdrawal of the eighty-cent rate, and refused to carry for less than ninety cents. The plaintiff shipped the stone, and paid the freight at the rate of ninety cents, and this ' action is brought to recover ten cents per ton on the May shipments to Hempstead.

As we have already stated, the plaintiff recovered in the Court of the Justice of the Peace, and that judgment was reversed on appeal to the County Court.

It is to be observed in the first place that there was no contract on the part of the defendant to carry the stone at eighty cents per ton. There was an offer to do so, which was not accepted, and which was withdrawn before the shipment of any of the stone for which the plaintiff paid the freight which he claims to recover in this action.

As there was no contract in existence between the parties, it was the right of the defendant to charge the plaintiff the usual rates for the transportation of his stone, and as the freight was paid, that deprived the plaintiff of any cause for complaint.

It cannot be claimed that the payment of the ninety cents was under duress, or was induced by fraud or through mistake. There was no duress, for the plaintiff was under no obligation to ship the stone, or to place his property in the possession of the defendant. The payment was voluntary in every proper sense of the term, and was made by the plaintiff with the full knowledge of all the facts. He knew before he commenced the shipment of the stone the terms upon which it would be received and transported to Hempstead and other points. The railroad company claimed no lien on his property, and never refused to deliver the stone to him.

Neither can it be said that this is an action for unjust discrimination. Neither the pleadings nor the proof make such a case.

The judgment of the County Court should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.